UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DUO WANG,

                    Petitioner,

     v.

TODD BLANCHE et al.,

                 Respondents.

CASE NO. 2:26-cv-01482-LK

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR SANCTIONS

     This matter comes before the Court on Petitioner Duo Wang's petition for writ of habeas corpus, Dkt. No. 1, and Motion for Order to Show Cause Why Sanctions Should Not Be Imposed, Dkt. No. 8. For the reasons set forth below, the Court denies the habeas petition as moot and denies the motion for sanctions as frivolous.

**A.    The Habeas Petition is Moot**

     Wang's petition alleged that his arrest, detention, and bond hearing were constitutionally deficient. Dkt. No. 1 at 7–8. He sought release from detention and an order preventing his re-detention. *Id.* at 9.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR SANCTIONS - 1

On May 11, 2026, consistent with the directive in the Court's scheduling order requiring Respondents to provide advance notice of any planned removal, Dkt. No. 2 at 2, U.S. Immigration and Customs Enforcement ("ICE") served Wang with a "Notice of Imminent Removal indicating a travel document has been obtained and removal [wa]s expected to occur before May 30, 2026." Dkt. No. 5 at 2. On May 29, 2026, ICE filed a notice that Wang was no longer in immigration custody because he was removed from the United States on May 27, 2026. Dkt. No. 9 at 1; *see also* Dkt. No. 9-1 (executed Form I-205).

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). For a habeas petition to continue to present a live controversy after the petitioner's deportation, "there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Here, Wang's requests for relief, if successful, would not redress any "collateral consequences" of his purportedly unlawful detention because "[t]hese forms of relief relate solely to [his] detention, not the order of removal," *Zhon Wei Zhai v. Janecka*, No. 5:26-cv-00649-SPG-RAO, 2026 LX 38318, at *8 (C.D. Cal. Feb. 19, 2026). Thus, Wang's request for release no longer presents a "live controversy[.]" *Abdala*, 488 F.3d at 1065; *see also Zhon Wei Zhai*, 2026 LX 38318, at *9 ("Because Petitioner is no longer detained—and, due to his deportation, cannot be re-detained under the present circumstances—the Court cannot grant Petitioner any relief on his Petition."); *Mejia v. Semaia*, No. 5:25-CV-01987-SPG-AGR, 2025 WL 2633165, at *2 (C.D. Cal. Aug. 21, 2025) (finding that no collateral consequences remained where "Petitioner does not appear to contest the validity of his removal"); *Andrade v. Noem*, No. 2:25-CV-01240 KWR-JHR, 2026 WL 686485, at *2–4 (D.N.M. Mar. 11, 2026) (collecting cases for same proposition).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR SANCTIONS - 2

For those reasons, the Court dismisses Wang's petition for a writ of habeas corpus, Dkt. No. 1, as moot.

**B.      The Motion for Sanctions is Denied as Frivolous**

On May 28, 2026, Wang filed a motion for an order to show cause why sanctions should not be imposed against Respondents in the amount of "at least $24,435" because Wang "was removed to China yesterday with no notice to counsel[.]" Dkt. No. 8 at 1. Respondents assert that Wang and his counsel "were notified of [ICE's] intention to remove him as required by this Court's Scheduling Order." Dkt. No. 9 at 1. Specifically, Respondents note that "[o]n May 11, 2026, ICE served [Wang] with a notice of imminent removal informing him a travel document had been [ob]tained and removal [wa]s expected to occur before May 30, 2026." *Id.* (citing Dkt. No. 5 at 2). In addition, "Respondents likewise notified [Wang's] counsel on the first page of the Return that ICE 'has a travel document and anticipates that he will be removed to China before May 30, 2026.'" *Id.* (quoting Dkt. No. 4 at 1). Wang did not file a reply in support of his motion.

Based on a thorough review of the record, the Court finds that Respondents complied with the Court's scheduling order, Dkt. No. 2, and provided the required notice. Accordingly, Wang's motion for sanctions, Dkt. No. 8, is denied as frivolous.

Dated this 2nd day of July, 2026.

Lauren King
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR SANCTIONS - 3